UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETT, City of, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10CV00022 SNLJ |
| | ) |
| MISSOURI JOINT MUNICIPAL | ) |
| ELECTRIC UTILITY | ) |
| COMMISSION, et al., | ) |
| | ) |
|       Defendants. | ) |

## ORDER

This matter is before the Court on plaintiff City of Kennett's Motion to Remand for Improvident Removal, #18. Defendants have filed a Memorandum in Opposition, #25, and plaintiff has filed a reply, #30, thereto. The case was originally filed in the Circuit Court of Dunklin County, Missouri, but on February 3, 2010, defendants filed their Notice of Removal, #1. On its own motion, the Court consolidated a companion case, City of Poplar Bluff v. Missouri Joint Municipal Electric Utility Commission, et al., case no. 1:10cv23, that defendants removed from the Circuit Court of Butler County, Missouri, and that presents identical issues.

This case arises from a dispute over entitlement to "firm point-to-point electric transmission service" under Entergy Operating Companies Transmission Service Agreement No. 424 (TSA 424), in which Entergy agrees to supply 40 megawatts of electric energy in interstate commerce to defendant Missouri Joint Municipal Electric Utility Commission (MJMEUC). The TSA was entered into pursuant to Entergy's Federal Energy Regulatory Commission (FERC) Electric Tariff, No. 3RI, which is Entergy's Open Access Transmission Tariff (OATT). Defendant MJMEUC is a non-profit utility joint action agency authorized by Missouri law, and is

the named Transmission Customer under the TSA.  MJMEUC possesses the transmission rights at issue for the benefit of its members, which include plaintiffs herein and several other municipalities.

The core premise of plaintiffs' petitions is that plaintiffs are entitled to transmission service under TSA 424 to the exclusion of all other member municipalities, and even MJMEUC, itself.  Plaintiffs allege in Count 1 of their respective petitions that they made a Transmission Request to MJMEUC to secure 40 MW of electric power from a supplier, that the request was pursued by MJMEUC acting as plaintiffs' agent and on plaintiffs' behalf, and the request culminated in the execution of the TSA.  The petitions are brought in three counts:   breach of contract, breach of fiduciary duty by defendant MJMEUC, and breach of fiduciary duty by the individual defendants who are officers of MJMEUC.  The prayers for relief include both declaratory and injunctive relief as well as damages.  In particular, the prayer for relief for the Count 1 breach of contract claim requests an order and judgment,

> a) declaring that the Cities of Kennett and Poplar Bluff are each entitled to 20 MW of transmission through the Entergy transmission grid under rights secured by the Kennett and Poplar Bluff Transmission Request;
>
> b) declaring that any action that would deliver transmission of power secured by the Kennett and Poplar Bluff Transmission Request to an entity other than Kennett or Poplar Bluff would be a breach of contract;
>
> c) ordering that MJMEUC transfer the transmission rights secured by the Kennett and Poplar Bluff Transmission Request to the Cities of Kennett and Poplar Bluff;
>
> d) enjoining MJMEUC from taking any action that would impair the transmission

rights secured by the Kennett and Poplar Bluff Transmission Request; and

e) awarding Kennett such other and further relief as this Court deems necessary and just under the circumstances.

Plaintiffs' causes of action are couched as state law claims which, in the absence of federal question or diversity jurisdiction, would preclude removal to federal court.  However, ". . .in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."  <u>Central Iowa Power Coop. v. Midwest Independent Transmission System Operator</u>, 561 F.3d 904, 912 (8th Cir. 2009).  In cases involving the FERC, "if proving [the state law claims] challenges FERC-filed rates, then those claims would raise a federal issue."  <u>Id</u>. at 913.  That was the basis for defendants' notice of removal here, focusing on the claim in Count I for breach of contract, but plaintiffs now maintain that the breach of contract claim has nothing to do with the FERC rates themselves.

Plaintiffs' argument is that they should be considered third-party beneficiaries of the TSA between Entergy and MJMEUC.  In response, defendants maintain that "[t]here is. . .no provision for third party beneficiaries, or undisclosed principals, under TSA 424,"  and that "FERC's regulations forbid any oral understandings with respect to TSA service."  Defendants add that the injunctive relief plaintiffs seek  --  the assignment of transmission rights under TSA 424 from MJMEUC to plaintiffs  --  would violate the "filed rate doctrine."  That doctrine provides, in general, that state law may not be used to invalidate or alter a rate adopted by the federal agency in question," see  <u>Am. Tel. & Tel. Co. v. Cent. Office Te., Inc.</u>, 524 U.S. 214, 222-23 (1998), and further, the doctrine applies not only to the rates, themselves, but also to conditions of service because rates "have meaning only when one knows the services to which they are attached," <u>id</u>.,

at 223.

In the Court's view, defendants' arguments distort the nature of the claims for relief that plaintiffs bring. These are solely state law claims, and they do not implicate federal issues. They are not directed to Entergy or to Entergy's OATT or even to the TSA, nor do they seek to alter the OATT or the TSA or to affect the federal tariffs in any way. Indeed, Entergy is not even a party to this action. Instead, as noted, Count I for breach of contract is directed solely to defendant MJMEUC in that the cause of action is premised solely on plaintiffs' alleged rights under the Transmission Request to MJMEUC, and the relief is sought is solely against MJMEUC. To be sure, plaintiffs assert that they are third-party beneficiaries under the TSA, but the provisions of the TSA and its execution and enforcement are not at issue and are not being challenged. Rather, plaintiffs base their status as third-party beneficiaries on the underlying claim that MJMEUC has breached its obligation to secure for plaintiffs the transmission rights under the TSA pursuant to plaintiffs' Transmission Request.

Ultimately, the relief sought is simply an order requiring MJMEUC to transfer its transmission rights under the TSA to plaintiff. This action would affect neither the filed rate under the TSA nor Entergy's OATT nor the associated terms and conditions of service in those documents. In fact, Section 23.1 of Entergy's OATT, which governs assignment of transmission agreements, provides specifically that, "The Assignee will be subject to all terms and conditions of this Tariff." Furthermore, as the parties agree, Entergy's OATT expressly permits the re-assignment of transmission rights, subject to Entergy's approval, and because both plaintiffs are electric utilities, they both are eligible Entergy customers. Accordingly, plaintiffs may properly seek an order directing MJMEUC to obtain the approval of Entergy to assign the transmission

rights under the TSA and then to execute an assignment to plaintiffs, or, if that approval is not forthcoming, plaintiffs may seek an order assessing damages against MJMEUC.  Neither order would even purport to affect the FERC-filed rate so to implicate a federal question.

For the foregoing reasons, plaintiffs' Motion to Remand is granted.

**SO ORDERED** this 21st day of April, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE