UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETT, City of, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:10CV00022 SNLJ |
| | ) |
| MISSOURI JOINT MUNICIPAL ELECTRIC UTILITY COMMISSION, et al., | ) ) ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

These consolidated cases are before the Court on plaintiff's Motion for Taxation of Costs and Award of Attorney's Fees, #33, to which defendants have filed their Memorandum in Opposition, #34.  Plaintiffs' primary argument is that "Defendants' removal in this case was not reasonable," in that 1) defendants "conceded that the Plaintiffs' state court petitions raised only state law claims on the face of their notice of removal," 2) that defendants mislead the Court by citing an inapplicable precedent, and 3) that "none of Plaintiffs' claims remotely implicate any federal issue."  In addition, plaintiffs complain that defendants' removal was timed "to thwart the operation of a temporary restraining order entered against them in state court."  They further contend that they incurred "needless costs" (apparently a reference to attorneys fees rather than court costs) because of the need to address defendants' motion to dismiss which was filed "despite this Court's order granting Defendants relief from the obligation of answering Plaintiffs' complaints."

This Court disagrees.  Although this Court determined the issues presented in the Motion for Remand in plaintiffs' favor, defendants'  positions on those issues were plausible, at the least,

and they were in no way frivolous or disingenuous.  Further, as plaintiffs conceded, the fact that only state law claims are raised on the face of the petitions is not a conclusive showing that federal claims are not otherwise implicated.   In addition, the citation to precedent to which plaintiffs refer should more properly be characterized as distinguishable, rather than misleading.  Also, this Court did not use the word "remotely" in ruling that plaintiffs' claims "do not implicate federal issues," and, as noted, it was at least arguable that the claims do implicate federal issues.

As for the allegation that removal was timed to thwart the state temporary restraining order, suffice it to say again that defendants had arguable grounds for removal, and in any event, it appears that the status quo was maintained pending the resolution of the remand issue.

Finally, there was no need for plaintiffs to incur "needless costs" in response to the defendants' motion to dismiss because this Court, by order of March 8, 2010, stayed all deadlines pending resolution of the motion to dismiss.

For the forgoing reasons, plaintiffs' Motion for Taxation of Costs and Award of Attorney's Fees is **DENIED**.

**SO ORDERED** this 28th day of May, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE